OPINION
{¶ 1} On October 2, 2002, appellee, the Stark County Department of Job and Family Services, filed a complaint alleging Brandon Browne born October 11, 1996 and Andrew Browne born February 7, 2000 to be dependent, neglected and abused children. Mother of the children is appellant, Sunshine Doney; father is David Browne, a registered sex offender who currently is under a no contact order with the children.
 {¶ 2} A hearing was held on December 19, 2002. By judgment entries filed same date, the trial court found the children to be neglected and awarded appellee temporary custody of the children.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN WERE NEGLECTED WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 5} Appellant claims the trial court's decision that the children were neglected was against the manifest weight of the evidence. We disagree.
 {¶ 6} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 7} A determination of neglect must be supported by clear and convincing evidence. R.C. 2151.35(A). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. R.C. 2151.03(A)(2) defines a neglected child as any child "[w]ho lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian." "`Adequate parental care' means the provision by a child's parent or parents, guardian, or custodian of adequate food, clothing, and shelter to ensure the child's health and physical safety and the provision by a child's parent or parents of specialized services warranted by the child's physical or mental needs." R.C. 2151.011(B)(1). R.C. 2151.05 governs child without proper parental care and states as follows:
 {¶ 8} "Under sections 2151.01 to 2151.54 of the Revised Code, a child whose home is filthy and unsanitary; whose parents, stepparents, guardian, or custodian permit him to become dependent, neglected, abused, or delinquent; whose parents, stepparents, guardian, or custodian, when able, refuse or neglect to provide him with necessary care, support, medical attention, and educational facilities; or whose parents, stepparents, guardian, or custodian fail to subject such child to necessary discipline is without proper parental care or guardianship."
 {¶ 9} Upon investigation, it was learned there was no electricity in the home. T. at 6. There was little to no food in the home and the family had been going to the homes of friends and relatives to eat. T. at 6-7, 16-17, 19-20. Appellant would drop the children off "at different places each night." T. at 8. When these issues were addressed by appellee, appellant refused the suggestions for help. Appellant refused to seek assistance from the Salvation Army, receive free bus passes and PRC. T. at 6.
 {¶ 10} On October 1, 2002, the youngest child wandered away from home because of appellant's inattention. T. at 10-11, 13. Appellee had been involved with the family since September 27, 2002, trying to address the problems in the home, but appellant was uncooperative. T. at 6-7, 8-9, 11. When confronted with the missing child incident, appellant stated "[s]he didn't want the kids and that she just wanted to leave and so she left." T. at 11. During this incident, the Massillon Police Department offered to contact "other family members who could assist her if she needed some assistance," but appellant refused to cooperate. T. at 33-34, 42. In fact, her response was "ah take my fucking kids let the system take care of them." T. at 34.
 {¶ 11} Appellant argues a child is not neglected, even if there is no electricity or little food in the home, if others are providing food and assistance and the child is in good health. Appellant argues her inability to provide for her children was not voluntary and she was receiving help from friends and relatives. Appellant argues because others were caring for her children, she could ignore help from public assistance. As the statutes clearly indicate, it is a parent's duty to provide for the children. Volunteers are not required to fulfill her duties.
 {¶ 12} The evidence is undisputed that the home had no electricity and cold weather was approaching. The home lacked food and the younger child lacked supervision. Appellant's refusal to accept help and follow advice was the precipitating factor in the filing of the complaint.
 {¶ 13} Upon review we find the trial court did not err in finding the children to be neglected.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.